**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ECOMX LLC,** | : | Case No.: |
| 2880 W. Oakland Park Blvd, Suite 225C | : | |
| Oakland Park, Florida 33311 | : | Judge: |
| | : | |
| **Plaintiff,** | : | |
| | : | **COMPLAINT** |
| **v.** | : | |
| | : | |
| **NUFACTURING INC.** | : | |
| 2845 Center Rd., | : | |
| Brunswick, OH 44212 | : | |
| | : | |
| **Defendant.** | : | |

For its Complaint (the "Complaint") against Defendant Nufacturing Inc. ("Nufacturing"), Plaintiff EcomX LLC ("EcomX") states as follows:

1.     EcomX asserts this Complaint against Nufacturing for losses EcomX has incurred and will continue to incur related to Nufacturing's failure to deliver goods EcomX purchased from Nufacturing. Despite EcomX's repeated attempts to obtain either the goods it ordered or a full refund, Nufacturing has failed to respond to EcomX at all. As such, EcomX brings this Complaint to recover the money it has paid to Nufacturing.

**PARTIES, JURISDICTION, AND VENUE**

2.     EcomX is a Florida limited liability company with its principal office at 2880 W. Oakland Park Blvd, Suite 225C, Oakland Park, Florida 33311. Its sole member is David Indlekofer, a citizen of Germany.

3.     Nufacturing is an Ohio corporation with its principal office at 2845 Center Rd., Brunswick, OH 44212.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action involves a claim for money damages that exceeds $75,000 and the parties are of diverse citizenship, as Nufacturing is incorporated in Ohio and EcomX is a limited liability company with its sole member a citizen of Germany.

5. The Court has personal jurisdiction over Nufacturing because it is incorporated in and transacts business in this state, and exercising jurisdiction over Nufacturing comports with due process as the claims against Nufacturing arise from Nufacturing's activities in Ohio.

6. Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391(b) because Nufacturing is incorporated in this judicial district and a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS

7. EcomX is in the sports supplement business. It manufactures and sells various pre-workout, post-workout, and nootropic products.

8. On or about March 13, 2025, EcomX placed an order (the "Order") through Nufacturing's website for the delivery of approximately 2,900 bottles of custom formulated supplements, which included such ingredients as paraxanthine, citicoline, theacrine, and rhodiola (the "Supplements").

9. At the time it placed this Order, EcomX was invoiced $78,300.00 by Nufacturing. Attached hereto as **Exhibit A** is "Invoice No. 1529," which EcomX received from Nufacturing upon placing this Order.

10. Upon being invoiced, EcomX immediately paid the $78,300.00 and an additional $2,500.00 fee for drop-shipping charges. Attached hereto as **Exhibit B** is a confirmation of EcomX's aforementioned payments, both of which were made on or about March 14, 2025.

2

11.     At the time it placed the Order, EcomX was informed by Nufacturing that the Supplements would be delivered within eight to ten weeks following the Order date. However, over six months have now passed and EcomX has neither (a) received the as-promised Supplements, nor (b) been provided with a satisfactory timeline for the delivery of such Supplements.

12.     In that time, EcomX has repeatedly attempted to communicate with Nufacturing to understand the cause of the delay and how EcomX could recoup its losses.

13.     Specifically, on September 5, 2025, EcomX, through its counsel, sent a letter to Jordan Adair ("Adair"), who upon information and belief is the owner of Nufacturing, seeking clarity on the status of the Order. The letter demanded that Nufacturing provide (a) a clear and detailed timeline of delivery of supplements by September 10, 2025; and (b) full and complete delivery of supplements no later than September 22, 2025.

14.     On September 19, 2025, Adair responded to EcomX, advising that the Order was scheduled to be produced on "8/24/2025" and that completion will be "8/30/2025" (presumably, typos for "9/24/2025" and "9/30/2025") and indicated that there would be a "RUSH" testing at no charge, along with a discount provided to EcomX for the lengthy delay.

15.     On September 22, 2025, counsel for EcomX requested documentation to confirm that the component ingredients for the Supplements had been purchased by Nufacturing and tested.

16.     On September 26 and October 1, 2025, counsel for EcomX again followed up with Nufacturing through Adair, noting the need to confirm that appropriate component ingredients for the Supplements had been purchased by Nufacturing and incorporated into the final product, and asking if those products had been sent for testing.

17.     On October 6, 2025, Adair responded to counsel for EcomX, explaining that because Nufacturing was a new company, it was having difficulty fulfilling the Order. Adair further explained that the Order was scheduled to be completed the week of October 17 and would be immediately sent for rush testing.

18.     However, given the months-long delay and increasing lack of confidence in Nufacturing to complete the Order, EcomX instead requested that Nufacturing provide it with a full refund. Specifically, on October 7, 2025, counsel for EcomX proposed to Adair that Nufacturing provide EcomX with a 50% immediate refund, with the remaining 50% balance to be paid in equal monthly installments over the following five months.

19.     On October 10, 2025, Adair responded to counsel with a counterproposal: a partial refund plan, along with a shipment of 1000 bottles of the products in the Order by the following week.

20.     Counsel for EcomX responded to this counterproposal on October 13, 2025, requesting clear and verifiable evidence that the ingredients for manufacturing the Supplements were actually purchased by Nufacturing.

21.     No response has been received by EcomX, through counsel or otherwise. Accordingly, upon information and belief, the ingredients that comprise the Supplements in the Order were never timely ordered by Nufacturing.

22.     EcomX's business model is critically reliant on the timely delivery of all necessary products and supplements to meet the needs and contractual requirements of EcomX's client base. Any delays in deliveries can, and have, resulted in considerable expense and legal exposure to EcomX.

23.     Here, EcomX incurred substantial expenses in reliance on timely delivery of the Supplements, including outlays for marketing, packaging, domain registration, and website development for the subject product.

24.     In anticipation of delivery of the Supplements, EcomX engaged a team of nine contractors to support launch and operations; however, when it became clear that shipments would not occur as expected, EcomX was compelled to terminate seven of those contractors, incurring additional costs and disruption.

25.     As a direct and foreseeable consequence of Nufacturing's failure to ship the Supplements, EcomX has suffered significant revenue losses and has not generated income during the delay period.

26.     EcomX's replacement manufacturer is scheduled to deliver product in March 2026, placing EcomX more than ten months behind its planned schedule and prolonging the period of non-revenue operations.

27.     As of the filing of this Complaint, Nufacturing has failed and intentionally refused to fulfill EcomX's Order or provide it with any refund of EcomX's payment.

### COUNT ONE: BREACH OF CONTRACT

28.     EcomX incorporates by reference all the preceding paragraphs as if fully set forth herein.

29.     The Order is a valid and legally enforceable contract that EcomX and Nufacturing entered into freely and without duress.

30.     Nufacturing has failed to perform and satisfy its contractual obligations under the Order by failing to deliver the Supplements ordered by EcomX.

31.     Further, Nufacturing has failed to provide a refund to EcomX when requested.

32.     Nufacturing's actions, in addition to constituting breach of contract, also constitute a breach of the implied covenant of good faith and fair dealing inherent in every contract in Ohio.

33.     EcomX has satisfied its existing contractual obligations under the Order by paying all invoiced charges under the Invoice.

34.     EcomX has suffered consequential damages due to Nufacturing's failure to deliver the Supplements, which EcomX needed for its business.

35.     Nufacturing is liable to EcomX in an amount to be determined but not less than $75,000.01, plus attorneys' fees, costs, and pre-and post-judgment interest.

## COUNT TWO: UNJUST ENRICHMENT

36.     EcomX restates and realleges the preceding paragraphs of this Complaint.

37.     EcomX asserts Count Two in the alternative to Count One.

38.     EcomX has conferred a benefit upon Nufacturing by paying Nufacturing nearly $80,000 for the Supplements.

39.     Nufacturing knew of and accepted this benefit and continues to retain this benefit conferred on it by EcomX.

40.     EcomX has demanded that Nufacturing either provide it with the Supplements it ordered or refund EcomX's money, but Nufacturing has continually refused.

41.     Nufacturing's continued retention of the benefits EcomX conferred on it would be unjust under the circumstances.

42.     As a direct and proximate result of Nufacturing's actions, EcomX has suffered past and will suffer future damages in an amount to be determined at trial, but not less than $75,000.01, plus attorneys' fees, costs, and pre-and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff EcomX respectfully requests this Court issue a judgment as follows:

A.      On Count One, award damages in favor of EcomX and against Nufacturing, in an amount to be determined at trial but not less than $75,000.01, plus costs, attorneys' fees, and pre- and post-judgment interest;

B.      On Count Two, in the alternative, award damages in favor of EcomX and against Nufacturing in an amount to be determined at trial but not less than $75,000.01, plus costs, attorneys' fees, and pre-and post-judgment interest;

C.      Any other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Robert D. Shank*
Robert D. Shank (0069229)
Richard J. Sarcone (0100775)
FROST BROWN TODD LLP
301 East Fourth Street
3300 Great American Tower
Cincinnati, Ohio 45202
Phone: (513) 651-6800
Fax: (513) 651-6981
rshank@fbtlaw.com
rsarcone@fbtlaw.com

*Trial Attorneys for Plaintiff EcomX LLC*

0162587.0813775   4915-6216-8695v1

7